Clabby's Estate.

682

684

*Edward F. Hitchcock*, for exceptions; *William M. Boenning*, contra.

HENDERSON, J., October 30, 1931.—This is an appeal from an appraisement and assessment for transfer inheritance tax, made by the appraiser appointed by the register under the Act of June 20, 1919, P. L. 521, which imposes a tax of 10 per cent. "upon the clear value of the property" passing to a brother. Under section ten, it provides: "Such appraisers shall make a fair, conscionable appraisement of such estates. . . ."

The estate owned 17,370 shares of the stock of the Texas & Pacific Railway Company, which was appraised at $29 per share. The tax upon one-half of these shares has been paid. The appellant, who takes the remaining half, complains that the Presiding Judge erred when he ruled that "the appraisal in the present case must be sustained unless it is manifestly unfair and unconscionable." He further ruled that the appeal is not to be treated as though it

came before him *de novo*, and that the appellant had failed to show that the appraisement was manifestly unfair and unconscionable.

Upon the hearings on such appeals, it has not been the practice to treat the matter *de novo*; the appraisement, on appeal, has the effect of raising a presumption that the appraiser was duly appointed and has performed his duty under the act. The presumption is universal that everyone does his duty, and *a fortiori* is this true of public officials. To give no weight to the act of the appraiser might result in his work proving abortive and generally transferring his function to the court—a result not contemplated by the legislature.

The presumption is that the apraisement was "fair and conscionable," which, according to the Oxford Dictionary, means honest, just, conscientious and scrupulous. The Presiding Judge has found that the testimony offered has utterly failed to rebut the presumption, and in this we agree.

The appellant argues that such a large block, even though judiciously sold, would depress the price obtained for it. This is not controlling, only a consideration to be taken into account. Were we to place greater stress on this factor, a decedent's estate owning 1000 shares of a given stock would pay tax on a smaller appraisement per share than another having but 100 shares and appraised on the same day.

The exceptions are dismissed, the adjudication is confirmed absolutely and the record is remitted to the register.